JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Kilroy, 5200 Carriageway Drive, Apt. 326, Rolling Meadows, IL

## DEFENDANTS
LSG Sky Chefs USA, Inc., 6191 North State Highway 161, Irving, TX

**(b)** County of Residence of First Listed Plaintiff   Cook, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Roberta D. Liebenberg, Esquire/Ria Momblanco, Esquire
Fine, Kaplan and Black, 1 South Broad Street, 23rd Floor
Philadelphia, PA 19107

Attorneys *(If Known)*
Daniel S. Altschuler, Esquire, Post & Schell
Four Penn Center, 13th Floor, 1600 JFK Blvd,
Philadelphia, PA 19103 (215) 587-1107

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Alleged work related forklift accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
50,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
02/22/2019

SIGNATURE OF ATTORNEY OF RECORD
Daniel S. Altschuler, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Jeffrey Kilroy, 5200 Carriageway Drive, Apt. 326, Rolling Meadows, IL_

Address of Defendant: _LSG Sky Chefs USA, Inc., 6191 North State Highway 161, Irving, Texas_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/22/2019 _____ _(signature)_ _____ 49470

_Attorney-at-Law / Pro Se Plaintiff_ _Attorney I.D. # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* Forklift Accident
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Daniel S. Altschuler, Esquire_ , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 02/22/2019 _____ _(signature)_ _____ 49470

_Attorney-at-Law / Pro Se Plaintiff_ _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JEFFREY KILROY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| LSG SKY CHEFS USA, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | |
|---|---|
| <u>2/22/2019</u> | <u>Daniel S. Altschuler, Esquire</u> |
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendant** |
| | |
| <u>(215) 587-1107</u> | <u>(215) 587-1444</u> |
| **Telephone** | **FAX Number** |

**E-Mail Address:  daltschuler@postschell.com**

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY KILROY, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LSG SKY CHEFS USA, INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### DEFENDANT, LSG SKY CHEFS USA, INC.'S, PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendant, LSG Sky Chefs USA, Inc., by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, January Term, No. 1945, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, avers as follows:

I.  **NATURE OF ACTION**

1.     This action arises out of an alleged work related forklift accident that occurred on April 20, 2018 at the property located at 8401 Escort Street, Philadelphia, PA. See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.     Plaintiff is a resident of Illinois with an address of 5200 Carriageway Drive, Apt. 326, Rolling Meadows, IL 60008. Id.

3.     Defendant, LSG Sky Chefs USA, Inc. is a Delaware corporation with a principal place of business at 6191 North State Highway 161, Irving, Texas 75038. See Affidavit of Thomas Lee attached hereto as Exhibit "B."

4.     Plaintiff alleges to have suffered "catastrophic injuries of personal, pecuniary and permanent nature" including the following: "fracture ankle, fractured tibia, fractured fibula and vascular injuries requiring several surgeries." Plaintiff also alleges to have incurred, *inter alia*, medical and financial expenses, both past and future, and claims to be "hindered from doing activities of daily living and recreational pursuits." See Exhibit "A" at ¶¶27-29 & 39.

5.     Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. See Exhibit "A."

## II.   PROCEDURAL HISTORY

6.     On January 22, 2019 Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas. See Exhibit "A."

7.     The Complaint was served on LSG Sky Chefs USA, Inc. on January 25, 2019.

8.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

9.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendant and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.  LEGAL ARGUMENT

### A.   THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

10.   Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

2

11.    Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

12.    A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13.    Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

14.    As stated above, as well as in the Complaint, Plaintiff is a resident of Illinois.

15.    LSG Sky Chefs USA, Inc. is a Delaware Corporation with a principal place of business in Irving, Texas. See Exhibit "B."[1]

16.    As a result, there is complete diversity of citizenship between the Plaintiff (Illinois) and the Defendant (Delaware & Texas).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.    Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

18.    The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

19.    "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v.

---

[1] Although the accident occurred at a warehouse in Philadelphia, LSG Sky Chefs USA, Inc. has its headquarters and principal place of business in Irving, Texas. See Exhibit "B."

Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

20.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

24.    In this case, Plaintiff alleges to have suffered "catastrophic injuries of personal, pecuniary and permanent nature" including the following: "fracture ankle, fractured tibia, fractured fibula and vascular injuries requiring several surgeries." Plaintiff also alleges to have incurred, *inter alia*, medical and financial expenses, both past and future, and claims to be "hindered from doing activities of daily living and recreational pursuits." See Exhibit "A" at ¶¶27-29 & 39

21.    Considering all of these items of claimed recoverable damages, while Defendant dispute Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

## IV.    CONCLUSION

22.    Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendant, LSG Sky Chefs USA, Inc., respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

By: _____

Dated:  February 22, 2019

DANIEL S. ALTSCHULER, ESQUIRE
ATTY. I.D.: 49470
E-MAIL: DALTSCHULER@POSTSCHELL.COM
CHRISTOPHER T. CHANCLER, ESQ.
ATTY. I.D.: 312298
E-MAIL: CCHANCLER@POSTSCHELL.COM
1600 JOHN F. KENNEDY BOULEVARD
FOUR PENN CENTER PLAZA, 13TH FL
PHILADELPHIA, PA  19103
(215) 587-1107
(215) 587-6637
FAX: (215) 587-1444
Attorneys for Defendant
LSG Sky Chefs USA, Inc.

5

## CERTIFICATE OF SERVICE

DANIEL S. ALTSCHULER hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served upon counsel of record.

POST & SCHELL, P.C.

Dated:  February 22, 2019

By: _____

DANIEL S. ALTSCHULER, ESQUIRE
ATTY. I.D.:  49470
E-MAIL: DALTSCHULER@POSTSCHELL.COM
CHRISTOPHER T. CHANCLER, ESQ.
ATTY. I.D.:  312298
E-MAIL:  CCHANCLER@POSTSCHELL.COM
1600 JOHN F. KENNEDY BOULEVARD
FOUR PENN CENTER PLAZA, 13TH FL
PHILADELPHIA, PA  19103
(215) 587-1107
(215) 587-6637
FAX:  (215)  587-1444
Attorneys for Defendant
LSG Sky Chefs USA, Inc.

8

# EXHIBIT "A"

## CIVIL ACTION COMPLAINT

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

SH # 23/1132

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2019**

E-Filing Number: 1901049007

**001945**

PHILADELPHIA
SHERIFF'S ... DESK
2019 JAN 23 PM 4:07

PLAINTIFF'S NAME
JEFFREY KILROY

DEFENDANT'S NAME
LSG SKY CHEFS USA, INC.

PLAINTIFF'S ADDRESS
5200 CARRIAGEWAY DRIVE APT. 326
ROLLING MEADOWS IL 60008

DEFENDANT'S ADDRESS
8401 ESCORT STREET
PHILADELPHIA PA 19153-3826

PLAINTIFF'S NAME

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS

PLAINTIFF'S NAME

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint [ ] Petition Action [ ] Notice of Appeal |
| | | [ ] Writ of Summons [ ] Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY

[ ] $50,000.00 or less
[X] More than $50,000.00

COURT PROGRAMS

[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

JAN 22 2019

A. SILIGRINI

IS CASE SUBJECT TO
COORDINATION ORDER?        YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JEFFREY KILROY

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
ROBERTA D. LIEBENBERG

ADDRESS
FINE KAPLAN AND BLACK RPC
1835 MARKET STREET
28TH FLOOR
PHILADELPHIA PA 19103

PHONE NUMBER
(215) 567-6565

FAX NUMBER
(215) 568-5872

SUPREME COURT IDENTIFICATION NO.
31738

E-MAIL ADDRESS
rliebenberg@finekaplan.com

SIGNATURE OF FILING ATTORNEY OR PARTY
ROBERTA LIEBENBERG

DATE SUBMITTED
Tuesday, January 22, 2019, 03:04 pm

FINAL COPY (Approved by the Prothonotary Clerk)

**FINE, KAPLAN AND BLACK, R.P.C.**
By: Roberta D. Liebenberg
Ria Momblanco
ID Numbers: 31738 / 201818
1 South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215)567-6565
rliebenberg@finekaplan.com/rcm@finekaplan.com

**CLIFFORD LAW OFFICES**
By: Sean P. Driscoll
*pro hac vice* application to be filed shortly
120 North La Salle Street, Suite 3100
(312) 899-9090
spd@cliffordlaw.com

*Filed* and Attested by the
Office of Judicial Records
22 JAN 2019 03:04 pm
A. SILIGRINI

| | |
|---|---|
| Jeffrey Kilroy<br>5200 Carriageway Drive, Apt. 326<br>Rolling Meadows, IL 60008<br><br>    *Plaintiff*<br><br>    v.<br><br>LSG Sky Chefs USA, Inc.<br>8401 Escort Street<br>Philadelphia, PA 19153-3826<br><br>    *Defendant* | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY TRIAL DIVISION - CIVIL ACTION**<br><br>    **TERM, 2019**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND NOTICE TO DEFEND

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quier defenderse de estas demandas expuestas en las pagina siguientes, usted tiene veinte (20) dias de plazo al partir de l: fecha de la demanda y la notificacion. Hace falta ascentar un: comparencia escrita o en persona o con un abogado : entregar a la corte en forma escrita sus defensas o su objeciones a las demandas en contra de su persona. Se: avisando que si usted no se defiende, la corte tomara medidas : puede continuar la demanda en contra suya sin previo aviso : notificacion. Ademas, la corte puede decidir a favor de demandante y requiere que usted cumpla con todas la provisiones de esta demanda. Usted puede perder dinero : sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tien abogado o si no tiene el dinero suficiente de pagar tal servicic Vaya en persona o llame por telefono a la oficina cuy direccion se encuentra escrita abajo para averiguar donde s. puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## COMPLAINT – CIVIL ACTION

Plaintiff, JEFFREY KILROY, by and through his attorneys, FINE, KAPLAN AND BLACK, R.P.C. and CLIFFORD LAW OFFICES, P.C.,[1] brings this personal injury action against Defendant, LSG SKY CHEFS. INC., and in support of this complaint, states as follows:

### PARTIES

1.      Plaintiff, JEFFREY KILROY is an adult individual residing at 5200 Carriageway Drive, Apt. 326, Rolling Meadows, IL 60008.

2.      Mr. Kilroy is employed by Wheeling Transport Company ("Wheeling") as a truck driver and is responsible for picking up and delivering products to various locations, including Philadelphia County, Pennsylvania.

---

[1] Roberta Liebenberg and Ria Momblanco, both of Fine, Kaplan and Black, R.P.C. and admitted to the bar of this Court, are local counsel for Sean P. Driscoll, whose application for admission *pro hac vice* will be filed shortly.

3.      Defendant, LSG SKY CHEFS USA, INC. ("LSG Sky Chefs") is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Delaware.

4.      LSG Sky Chefs currently does business at 8401 Escort Street, Philadelphia, PA 19153-3826.

5.      LSG Sky Chefs is in the business of providing food services to airlines.

6.      LSG Sky Chefs acted at all relevant times hereto by and through its agents, servants, and/or employees who were acting within the course and scope of their employment.

7.      LSG Sky Chefs purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts and conducted business in Philadelphia County.

## JURISDICTION AND VENUE

8.      This court has jurisdiction over this case, in that the amount in controversy exceeds arbitration limits of Fifty Thousand Dollars ($50,000.00), and Plaintiff demands a jury trial.

9.      Venue is proper in this County pursuant to Pennsylvania Rules of Civil Procedure 1006(b) and 2179(a), because the events giving rise to this personal injury action all occurred in Philadelphia County.

## FACTS

10.     On and before April 20, 2018, Defendant, LSG Sky Chefs, owned a certain warehouse located at the Philadelphia International Airport, 8401 Escort Street, Philadelphia, Pennsylvania (hereinafter referred to as "the warehouse").

Case ID: 190101945

11.     On and before April 20, 2018, Defendant, LSG Sky Chefs, operated the warehouse.

12.     On and before April 20, 2018, Defendant, LSG Sky Chefs, managed the warehouse.

13.     On and before April 20, 2018, Defendant, LSG Sky Chefs, controlled the warehouse.

14.     On and before April 20, 2018, as part of its ownership, operation, management, and control of the warehouse, Defendant, LSG Sky Chefs, designated an area of the warehouse for delivery and receipt of products.

15.     On and before April 20, 2018, Defendant, LSG Sky Chefs, required drivers who would enter the warehouse to stop in the designated area for receiving all products.

16.     On and before April 20, 2018, Defendant, LSG Sky Chefs, permitted Wheeling Transport Company and its employees, including the Plaintiff, Jeffrey Kilroy, to enter the warehouse for the purpose of picking up and delivering products.

17.     At all times relevant hereto, Plaintiff, Jeffrey Kilroy, was lawfully on the premises of the warehouse owned, operated, maintained, and controlled by Defendant, LSG Sky Chefs.

18.     On April 20, 2018, Plaintiff, Jeffrey Kilroy, was a lawfully present business invitee at the premises.

19.     On April 20, 2018, Plaintiff, Jeffrey Kilroy, arrived at the warehouse to drop off products to the warehouse.

20.     On April 20, 2018, Plaintiff, Jeffrey Kilroy, parked the Wheeling Transport Company   truck in the parking lot for the property located at 8401 Escort Street, Philadelphia, Pennsylvania.

21.     On April 20, 2018, an employee and/or agent of Defendant LSG Sky Chefs, Victor Luna, was operating a forklift in the parking lot for the property located at 8401 Escort Street, Philadelphia, Pennsylvania.

22.     Said forklift was owned, operated, managed and controlled by Defendant, LSG Sky Chefs.

23.     On April 20, 2018, Victor Luna used said forklift to load empty pallets onto the trailer of the Wheeling Transport Company truck.

24.     While Victor Luna was operating said forklift, it rolled over Plaintiff, Jeffrey Kilroy.

25.     When said forklift rolled over Plaintiff, Jeffrey Kilroy, it caused multiple injuries to Mr. Kilroy's lower extremities, including a fractured ankle, fractured tibia, fractured fibula and vascular injuries requiring several surgeries.

26.     The full extent of Mr. Kilroy's injuries is yet to be determined and some or all of them may be permanent in nature.

27.     As a direct and proximate result of the conduct of Defendant LSG Sky Chefs, Plaintiff Jeffrey Kilroy has in his past, is presently and will in the future be caused to suffer pains, loss of life's pleasures in the past, present and future and is caused to expend sums of money for medical treat in the past, present and future.

28.     Plaintiff's injuries cause him ongoing pain, loss of mobility, loss of range of motion, all of which are or may be permanent in nature.

29.     As a further result of Defendant's negligence, Plaintiff has and probably will continue to be hindered from doing activities of daily living and recreational pursuits.

30.     Plaintiff was sixty-one (61) years old at the time of the occurrence.

Case ID: 190101945

## COUNT ONE – NEGLIGENCE

31.    Plaintiff incorporates all preceding paragraphs of this Complaint.

32.    At all times relevant hereto, Plaintiff was a business invitee such that Defendant owed Plaintiff a duty of care, as recognized under Pennsylvania common law and Sections 332 and 343 of the Restatement (Second) of Torts.

33.    Defendant knew, or by the exercise of reasonable care would have discovered, that the operation of a forklift truck within its premises, absent proper safety precautions, involved unreasonable risk of harm to business invitees such as Plaintiff.

34.    Defendant should have expected that a business invitee such as Plaintiff would not discover or realize that a forklift truck was being operated within Defendant's premises without proper safety precautions, or would fail to protect himself against said forklift truck.

35.    Defendant failed to exercise reasonable care to protect business invitees such as Plaintiff against the danger of a forklift truck being operated without proper safety precautions.

36.    Defendant, LSG Sky Chefs had a responsibility to ensure that its warehouse was safe for business invitees such as Plaintiff.

37.    Defendant had a responsibility to undertake safety measures, such as the supervision and training of its employees, with respect to ensuring that the operation of the forklift would not endanger business invitees.

38.    Defendant, LSG Sky Chefs, breached its duties, by and through its agents, servants, workers and/or employees and was negligent in that it:

  a.    Failed to properly train its employees in the operation of a forklift;

  b.    Failed to properly operate the forklift;

  c.    Failed to provide barriers for drivers in the designated area;

Case ID: 190101945

   d.  Failed to provide a sufficient safe space to operate the forklift;

   e.  Failed to have personnel to direct the flow of forklift traffic;

   f.  Failed to train the operator in accordance with 29 C.F.R. 1910.178(l), *et seq.*;

   g.  Failed to operate the forklift in accordance with 20 C.F.R. 1910.178(m), *et seq.*; and

   h.  Failed to drive the forklift in accordance with 29 C.F.R. § 1910.178(n), *et seq.*;

39.   As a direct and proximate result of one or more of the aforementioned acts of negligence, Plaintiff, Jeffrey Kilroy, was injured when the forklift owned, operated, maintained, managed, and controlled by Defendant, LSG Sky Chefs, ran over a portion of his body causing him to suffer catastrophic injuries of a personal, pecuniary, and permanent nature.

40.   By conducting itself as set forth above, Defendant's acts and/or omissions were a substantial factor in, a factual cause of, and/or increase the risk of Plaintiff's catastrophic, serious and permanent injuries.

   WHEREFORE, Plaintiff, Jeffrey Kilroy, demands damages in an amount exceeding Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

                              Respectfully submitted,
                              FINE, KAPLAN AND BLACK, R.P.C.


                              BY: _____
                                   Roberta D. Liebenberg
                                   Ria Momblanco

                              CLIFFORD LAW OFFICES
                              Sean P. Driscoll (*pro hac vice* application to be filed)

                              ***Attorneys for Plaintiff Jeffrey Kilroy***

                                                      Case ID: 190101945

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Jeffrey Kilroy, Plaintiff

Date: 1/17/2019

# EXHIBIT "B"

## AFFIDAVIT OF THOMAS LEE

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY KILROY, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LSG SKY CHEFS USA, INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## AFFIDAVIT OF THOMAS LEE

BEFORE ME, the undersigned Notary, on this day personally appeared Thomas Lee, and being by me first duly sworn, on her oath, states as follows:

1.    My name is Thomas Lee, I am over the age of twenty-one and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendant LSG Sky Chefs USA, Inc.'s Petition for Removal.

2.    I am the Assistant Secretary for LSG Sky Chefs USA, Inc.

3.    At the time of the incident alleged in the Complaint, and presently, LSG Sky Chefs USA, Inc. is a Delaware corporation with its principal place of business located at 6191 North State Highway 161, Irving, Texas 75038.

_____
Thomas Lee

Sworn to before me this
20 the day of Feb_____, 2019

_____
NOTARY PUBLIC

VICKI DIANA LUNSFORD
Notary ID # 2182346
My Commission Expires
December 13, 2021